UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN N. DANEL,<br><br>          Plaintiff,<br><br>     vs.<br><br>DR. SHAHEEN,<br><br>          Defendant. | 1:15-cv-01201-GSA-PC<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER<br>(ECF No. 3.)<br><br>TWENTY-DAY DEADLINE TO RESPOND |

On August 6, 2015, the Court issued an order requiring Plaintiff to submit an application to proceed in forma pauperis or pay the $400.00 filing fee for this action, within forty-five days.  (ECF No. 3.)  The forty-five day period has now expired, and Plaintiff has not complied with the Court's order or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since August 3, 2015.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving payment of the filing fee for his lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an application to proceed in forma pauperis or pay the filing fee for this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

///

**ORDER TO SHOW CAUSE**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within **twenty (20) days** of the date of service of this order, Plaintiff is required to file a response to this order, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of August 6, 2015; and

2. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 8, 2015**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE